**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**REBECCA ROSE BROWN,**

                       **Plaintiff,**

  vs.                                               **6:15-CV-744**
                                                      **(MAD/CFH)**

**NANCY A. BERRYHILL,** *Acting Commissioner of*
*Social Security,*

                       **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**OLINSKY LAW GROUP**              **HOWARD D. OLINSKY, ESQ.**
300 S. State Street                       **NATHANIEL V. RILEY, ESQ.**
Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **JEREMY A. LINDEN, SAUSA**
Office of Regional General Counsel          **JOSHUA L. KERSHNER, SAUSA**
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

     Currently pending before the Court is Rebecca Rose Brown's ("Claimant") motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). *See* Dkt. No. 22 at 1. The Acting

Commissioner[1] has not opposed this motion. *See* Dkt. No. 26 at 2. For the following reasons, the motion is granted.

Pursuant to 42 U.S.C. § 406(b), a court may award reasonable attorney's fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. Section 406(b) does not displace any contingent-fee arrangement between the claimant and the attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 792-93. Where fee awards are made under both § 406(b) and the Equal Access to Justice Act ("EAJA"), the claimant's attorney must refund the smaller amount to the claimant. *See id.* at 796.

Here, counsel seeks payment of twenty-five percent of the past-due benefits owed. *See* Dkt. No. 22-1 at ¶ 9. Claimant's past-due benefits amount to $130,427, twenty-five percent of which is $32,606.75. *See id.* at ¶¶ 4, 7.

Counsel was previously awarded attorney's fees in the amount of $13,045.73 under the EAJA. *See id.* at ¶ 6. Counsel has indicated that, in the event that the Court awards fees pursuant

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Nancy A. Berryhill will substitute for former Acting Commissioner Carolyn W. Colvin. *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive not withstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

to § 406(b), he will refund the smaller of the awards to Claimant. *See id.*; *see also Gisbrecht*, 535 U.S. at 794-95.

Counsel's itemized summary shows that counsel and his staff spent 87.2 hours representing Claimant at the administrative level and 73.8 hours representing Claimant in federal court.² *See* Dkt. No. 22-1 at ¶ 10; Dkt. No. 22-4. Work performed at the administrative level is compensable under 42 U.S.C. § 406(a), not 42 U.S.C. § 406(b), and counsel has indicated that he will not be filing a petition for 42 U.S.C. § 406(a) fees. *See* Dkt. No. 22-1 at ¶ 5. By statute, 42 U.S.C. § 406(b) fees may be paid only for representation before a court. Counsel's 73.3 hours of attorney work amounts to a *de facto* hourly rate of $444.84. *See* Dkt. No. 26 at 2. The Court finds that $32,606.75 is reasonable, given the hours expended, the fact that counsel secured a favorable outcome for Claimant, and the Acting Commissioner's lack of opposition to the request. There is no evidence of fraud or overreaching, and an hourly rate of $444.84 would not be a windfall to counsel. *See, e.g., Devaux v. Astrue*, 932 F. Supp. 2d 349, 351 (E.D.N.Y. 2013) (holding that $386.00 per hour was reasonable); *Patel v. Astrue*, No. 10-CV-1437, 2012 WL 5904333, *4 (E.D.N.Y. Nov. 26, 2012) (holding that an hourly rate of $650 was reasonable); *Filipkowski v. Barnhart*, No. 05-CV-01449, 2009 WL 2426008, *2 (N.D.N.Y. Aug. 6, 2009) (rejecting the government's claim that an hourly rate of $743.30 amounted to a windfall). Thus, counsel's motion for attorney's fees pursuant to § 406(b) is granted.

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

---

² Of the 73.8 hours dedicated to Claimant's case before the Court, 73.3 hours of work was performed by attorneys and 0.5 hours was performed by administrative support staff. *See* Dkt. No. 26 at 2.

**ORDERS** that Claimant's motion for attorney's fees (Dkt. No. 22) is **GRANTED** in the amount of $32,606.75; and the Court further

**ORDERS** that counsel shall refund Claimant the sum of $13,045.73 previously awarded to Claimant under the EAJA; and the Court further

**ORDERS** that the Acting Commissioner is directed to take the steps necessary to cause the amount of $32,606.75 to be made payable to counsel from the fund of withheld past-due benefits; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 17, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge